NO. 07-02-0478-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 2, 2003



______________________________




CONSECO FINANCE SERVICING CORP. F/K/A


GREEN TREE FINANCIAL SERVICING CORPORATION, APPELLANT



V.



ELIPIDIO CABRERA, HERIBERTHA CABRERA AND


ALL UNKNOWN OCCUPANT(S), APPELLEES



_________________________________



FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;



NO. 7736; HONORABLE GORDON H. GREEN, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ, and BOYD, S.J. (1)

ORDER OF ABATEMENT


 On December 27, 2002, appellant Conseco Finance Servicing Corp., filed a
Suggestion of Bankruptcy in this appeal. 

 Pursuant to Tex. R. App. P. 8, this appeal is suspended until further order of this
court. The parties are directed to take such action as is appropriate to advise the clerk of
this court of any change in the status of appellant Conseco Finance Servicing Corp.'s
bankruptcy proceeding which would affect the status of this appeal, including but not
limited to the filing of a Motion to Reinstate pursuant to Tex. R. App. P. 8.3.


 Per Curiam

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.


 Appellant's appointed counsel has now filed a motion to withdraw together with an
Anders brief. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967). In that brief, she certifies that, after careful examination of the record, she has
concluded that appellant's appeal is without merit. Along with her brief, she has attached
a copy of a letter informing appellant of her intent to withdraw and of his right to file a pro
se brief. Appellant filed several motions for extension of time to file his brief, and the last
extension gave appellant 30 days from June 11, 2001, to file a brief. No such brief was
ever filed, and the State has waived any remaining time in which to file its brief. 

 In considering federal constitutional matters of this type, we face two interrelated
tasks as we consider counsel's motion to withdraw. We must satisfy ourselves that the
attorney has provided the client with a diligent and thorough search of the record for any
arguable claim that might support the client's appeal, and then we must determine whether
counsel has correctly concluded the appeal is frivolous. See McCoy v. Court of Appeals
of Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); High v. State,
573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

 Appellant waived the right to have a court reporter record his plea of guilty, so the
only record before us shows that appellant knowingly and voluntarily waived his right to
trial by jury and pled guilty to the offense. The record also indicates he was properly
admonished. Furthermore, at the sentencing hearing, appellant's counsel called several
witnesses to the stand in an attempt to obtain probation for appellant. However, the court
assessed punishment at ten years confinement, which was within the authorized range of
punishment for the charged offense. Thus, we have made an independent examination
of the record to determine whether there are any arguable grounds which might support
the appeal. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). Finding
none, we are in agreement with counsel that the appeal is without merit and is therefore
frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Crim.App. 1974).

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed. 


 John T. Boyd

 Chief Justice


Do not publish.